*J. Scott Richman*, for appellant.

*J. Butler* and *S. Whicher*, for appellee.

———◦◦◦———

## HALL v. McMAHAN.

The county court is specially limited in jurisdiction, and has no authority to adjudicate titles to land.

Where the proceedings of a county court are taken to the district court by appeal, and *prima facie* appear unauthorized and extra judicial, the proceedings and appeal may be dismissed on motion.

*Appeal from Potawatamie District Court.*

*Opinion by* GREENE, J.  E. Hall claimed a deed of the county judge, of Potawatamie county, for a lot in Council Bluffs. The claim was resisted by McMahan and Williams, and the county judge decided that they were the rightful claimants. Hall appealed to the district court. On motion, the appeal and proceedings were dismissed. This is claimed to be erroneous.

The county court is specially limited in jurisdiction, and has not authority to adjudicate questions affecting land title. In the present case, the county judge was only authorized to act as trustee for the claimants of lots at Council Bluffs, and was not invested with judicial authority, to determine questions of title in relation to those lots. His authority then, in relation to the matter before him,

was exclusively ministerial, and as title adjudications were not within the jurisdiction prescribed for county courts, the proceeding was unauthorized. He was merely authorized to act as trustee *ex officio.* The proceeding not being within the limited power of that court, and extra judicial as indicated *prima facie* by the record, we conclude that the appeal and proceeding were properly dismissed.

Judgment affirmed.

*C. E. Stone,* for appellant.

*Clarke* and *Starr,* for appellee.